# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL BUSSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4886** |
| **RAY BRANDT NISSAN, INC.** | **SECTION "S"(4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #15) is **GRANTED** as to finding that the contract encompasses a release of the claims plaintiff asserts in this litigation. The motion is **DENIED** as a determination whether the contract is invalid because the plaintiff signed it under duress.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Ray Brant Nissan, Inc. Ray Brant argues that it is entitled to summary judgment because the plaintiff, Kendall Bussey, contractually waived his right to bring the claims he asserts in this case.

Bussey, an African-American, was employed by Ray Brant from 1997 until January 2, 2014, when he was terminated. Thereafter, Bussey and his friend Gilbert V. "Gibby" Andry, IV, who is an attorney, met at a café in Metairie, Louisiana with Terry Q. Alarcon, who is Ray Brandt's attorney, and Ed Merida, who Bussey describes as Ray Brandt's "body guard." Alarcon presented Bussey with a document entitled "General Release of All Claims," and gave Bussey and Andry time to review the document.

In his affidavit, Bussey claims that during the meeting, Merida brandished a firearm and threatened him and Andry if they continued to question the terms of the "General Release of All Claims." Bussey claims that Merida said he has "killed better m*ther f***ers . . ." than Bussey and Andry. Bussey states that he was afraid that Merida would make good on the threats to harm

him and Andry and he signed the document "because [he] was scared to death not to sign it."
Andry stated in his affidavit that Merida "became hostile and used foul language and threats[.]"

Later that same day, Bussey called Alarcon and informed him that he was ready to sign the "General Release of All Claims" document. The document provides, in pertinent part:

> In consideration of the sum of $50,000.00 in full payment of my entire ownership in Dealership Holdings, LLC dba Ray Brandt Kia, $46,747.15 in full payment of my entire ownership in Ray Brandt Automotive, LLC dba Ray Brandt Mazda, and $1,500.00 in full payment of my entire ownership in Ray Brandt Hyundai, LLC, and the accounting for my final compensation as reflected on Exhibit A attached hereto, the undersigned, Kendall Bussey, Sr., hereby releases and discharges Ray Brandt Nissan, Inc., Ray Brandt Imports, LLC dba Ray Brandt Volkswagen Westbank, Dealership Holdings, LLC dba Ray Brandt Kia, Ray Brandt Automotive, LLC dba Ray Brandt Mazda, and any other related company owned directly by or indirectly by Raymond J. Brandt whether named or not, and its employees, agents, successors, heirs, executors, administrators, and representatives from any and all claims and causes of action of any nature arising from my compensation as an employee or my interest in any entity sold to Raymond J. Brandt this day.
>
> The undersigned claimant acknowledges receipt of the above consideration. The undersigned claimant intends by this release to release and discharge claims which have been asserted and those claims which could have been asserted as a result of the subject purchase. The undersigned claimant releases all claims whether direct, indirect, or derivative, arising from the subject employment and sale. This release is intended to release and discharge claims resulting from the purchase, whether known or unknown, incurred or accrued, and those which may be incurred or which may accrue in the future; the possibility of unknown, future, remote or contingent claims is anticipated in the consideration accepted for the release.
>
> This payment and release is made in compromise and settlement of disputed claims. . . . The parties released have paid the above consideration, and the undersigned claimant has/have accepted it to avoid costs, expenses, fees, risks, inconvenience, and other consequences of this dispute.

On October 29, 2014, Bussey filed a Charge of Discrimination against Ray Brandt with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* On December 9, 2017, the EEOC issued a "Determination" finding reasonable cause to believe that Ray Brandt violated Title VII in its treatment of Bussey. On February 8, 2017, the EEOC sent Bussey a Right to Sue letter. Thereafter, Bussey filed this action against Ray Brandt alleging race discrimination claims arising under Title VII and the Louisiana Employment Discrimination Law.

Ray Brandt filed the instant motion for summary judgment arguing that, by signing the "General Release of All Claims" document, Bussey relinquished his right to bring race discrimination claims against Ray Brandt. Bussey argues that the contract did not encompass such claims and that the contract is not valid for lack of consent because he signed it under duress.

**ANALYSIS**

**I.      Summary Judgement Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit

under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II. Contract Interpretation

In arguing that Bussey relinquished his right to bring race discrimination claims against it, Ray Brandt relies on the contract's title, "General Release of All Claims," and a single line of the contract, which states "[t]he undersigned claimant releases all claims whether direct, indirect, or derivative, arising from the subject employment and sale." Bussey argues that Ray Brandt's argument ignores the remainder of the contract which clarifies that the only claims he released are those related to the sale of his ownership interests in the dealerships and his final compensation.

In Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC, 112 So.3d 187, 192 (La. 3/19/13) (citations and quotations omitted), the Supreme Court of Louisiana explained the law applicable to contract interpretation:

> Contracts have the effect of law for the parties and the interpretation of a contract is the determination of the common intent of the parties. The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed.

4

> When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. However, even when the language of the contract is clear, courts should refrain from construing the contract in such a manner as to lead to absurd consequences. Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance. Moreover, a contract provision that is susceptible to different meanings must be interpreted with a meaning that renders the provision effective, and not with one that renders it ineffective. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.[1]

Parole or extrinsic evidence is admissible to interpret the contract only if the "written expression of the common intention of the parties is ambiguous[.]" Campbell v. Melton, 817 So.2d 69, 75 (La. 2002) (citing Ortego v. State, Through the Dep't of Transp. & Dev., 689 So.2d 1358 (La. 1997)).

In this matter, Bussey raises employment discrimination claims against Ray Brandt, who is a party to the "General Release of All Claims" document. The contract between the parties plainly states that Bussey "releases all claims whether direct, indirect, or derivative, arising from the subject employment and sale." These words are clear and unambiguous in stating that Bussey is releasing all claims he may have against Ray Brandt arising from his employment. Thus, by signing the contract, Bussey relinquished his right to bring the race discrimination claims raised in this action. Ray Brandt's motion for summary judgment is GRANTED as to finding that the contract encompasses a release of the claims plaintiff asserts in this litigation.

---

[1] It is undisputed that Louisiana law applies to the interpretation of the contract at issue.

**III.     Validity of the Contract**

Bussey argues that the contract is vitiated for lack of consent because he signed it under duress. Ray Brandt argues that any alleged duress was removed because Bussey left the initial meeting without signing the document and then met with Alarcon alone later to sign it.

Under Louisiana law, the formation of a valid contract requires: (1) capacity to contract; (2) mutual consent; (3) a certain object; and, (4) a lawful purpose. La. Civ. Code arts. 1918, 1927, 1966 and 1971. Bussey does not contest that the parties had the capacity to contract or that the contract was for a certain object and a lawful purpose. However, Bussey argues that the contract is not valid due to a lack of mutual consent.

Under Louisiana law, a contract can be vitiated for lack of consent if a party signed it under duress "of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property or reputation." La. Civ. Code arts. 1948 & 1959. "Consent is vitiated even when duress has been exerted by a third person." Id. at art. 1961. A party's age, health, disposition and other personal circumstances are considered in determining whether the fear was reasonable. Id. at art. 1959. "Thus, Article 1959 sets forth a subjective as well as an objective standard for evaluating a claim of duress[,]" whereby duress is "considered in light of subjective characteristics of the person whose consent is in question" while requiring that the duress "be of such a nature as to cause a 'reasonable fear' of unjust and considerable injury to a party . . . in order to constitute legal duress." Monterrey Ctr., LLC v. Educ. Partners, Inc., 5 So. 3d 225, 230 (La. Ct. App. 2008) (citations omitted). "The subjective element is the party's personal reaction to circumstances, and the objective elements are the reasonableness of the fear and the unjustness of the injury based on

how reasonable persons would react to the circumstances." Averette v. Indus. Concepts, Inc., 673 So. 2d 642, 644 (La. Ct. App. 1995).

In this case, Bussey stated in his affidavit that Merida had a gun at the initial meeting and threatened him and Andry. Bussey stated that he signed the contract because he was afraid that Merida would follow through on his threats if Bussey did not sign. Ray Brandt points out that Bussey did not sign the contract right away and Merida was not at Bussey's second meeting with Alarcon where Bussey signed the contract. Alarcon stated in his affidavit that he told Bussey at the second meeting that Bussey could take more time to review the document if he liked. This case is in its early stages. The there is no deposition testimony to illuminate the scant facts stated in the affidavits that are pertinent to determining whether Bussey signed the contract under duress thus vitiating his consent. Therefore, Ray Brandt's motion for summary judgment is DENIED as to a determination whether the contract is invalid because the plaintiff signed it under duress.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. #15) is **GRANTED** as to finding that the contract encompasses a release of the claims plaintiff asserts in this litigation. The motion is **DENIED** as to a determination whether the contract is invalid because the plaintiff signed it under duress.

New Orleans, Louisiana, this  19th   day of April, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**